**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 28, 2026**

_____

**Christopher M. Wolpert**
**Clerk of Court**

JO ELLIS,

    Plaintiff - Appellee,

v.

MATTHEW S. WALLACE,

    Defendant - Appellant.

No. 25-1402
(D.C. No. 1:25-CV-01115-STV)
(D. Colo.)

_____

**ORDER**
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

Defendant Matthew S. Wallace appeals the district court's order denying his "special motion to dismiss" under Colorado's anti-SLAPP (Strategic Lawsuit Against Public Participation) statute, Colo. Rev. Stat. § 13-20-1101. We raise *sua sponte* the question of whether we have jurisdiction to consider this appeal. *See Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1274 (10th Cir. 2001) (stating that "we have an independent duty to examine our own jurisdiction"). Upon consideration of the parties' jurisdictional briefing, we dismiss this interlocutory appeal for lack of jurisdiction because it is foreclosed by our decision in *Coomer v. Make Your Life Epic LLC*, 98 F.4th 1320 (10th Cir. 2024).

Plaintiff Jo Ellis filed the underlying diversity action in the United States District Court for the District of Colorado against Defendant Wallace alleging a claim for

defamation. Defendant Wallace filed a "special motion to dismiss" under Colorado's anti-SLAPP statute. Following a hearing, the presiding magistrate judge, hearing the case with the parties' consent, entered an order denying Defendant Wallace's motion to dismiss after determining that Plaintiff Ellis had demonstrated a likelihood that she would succeed on her defamation claim. Defendant Wallace appealed from the order.

We conclude that this interlocutory appeal is foreclosed by *Coomer*. In *Coomer*, we specifically addressed an interlocutory appeal from the district court's denial of a "special motion to dismiss" under Colorado's anti-SLAPP statute and concluded "the collateral-order doctrine does not allow appeals from orders denying special motions to dismiss under Colorado's anti-SLAPP statute." *See Coomer*, 98 F.4th at 1328 (dismissing appeal for lack of appellate jurisdiction). Defendant Wallace asserts in his jurisdictional memorandum brief and reply that the court has jurisdiction to consider this interlocutory appeal because he is raising an "important issue completing separate from the merits": what standard a trial court should use in viewing a plaintiff's evidence when considering an anti-SLAPP motion to dismiss. However, *Coomer* also addressed the "separability" argument under the collateral order doctrine. And *Coomer* held that the denial of an anti-SLAPP motion does not resolve an issue separate from the merits of the action. *See Coomer*, 98 F.4th at 1325-28 (stating that "[f]act-related immunity orders are not completely separate from the merits" and "[o]rders denying anti-SLAPP special motions to dismiss necessarily involve fact weighing and thus cannot be completely separate from the merits"). *Coomer* does not permit an interlocutory appeal from an order denying a "special motion to dismiss" under Colorado's anti-SLAPP statute, and that is the very

order that Defendant Wallace seeks to appeal here. Accordingly, we dismiss this appeal

for lack of appellate jurisdiction.

**APPEAL DISMISSED.**

Entered for the Court

Per Curiam

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

April 28, 2026

Mr. Dan Ernst
Ernst Legal Group
217 East 7th Street
Denver, CO 80203

**RE:    25-1402, Ellis v. Wallace**
Dist/Ag docket: 1:25-CV-01115-STV

Dear Appellant:

Enclosed please find an order issued today by the court.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:    Margaret Haley Phelan
Mark Thomson

CMW/klp